IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| KYLE THOMAS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Case No. CIV-13-622-W |
| TRACY McCOLLUM, Warden, | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241.[1] United States District Judge Lee R. West has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Respondent has filed a motion to dismiss, Doc. 12, and Petitioner has responded with his own request for dismissal. Doc. 15. After reviewing the pleadings, the undersigned agrees with both parties and recommends dismissal without prejudice.

---

[1] Petitioner does not cite to 28 U.S.C. § 2241, but challenges a prison disciplinary conviction. Doc. 1, at 1-2. The appropriate avenue for relief for a state inmate challenging a disciplinary conviction is 28 U.S.C. § 2241. *See Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987) ("If [the petitioner] can show that his due process rights were violated in the subject disciplinary proceedings, then § 2241 would be the appropriate remedy to use to restore his good time credits.").

I. **Background.**

Petitioner was found guilty of a Class X misconduct for possession of a cell phone and tobacco. Doc. 1, at 3. The administrative review authority rejected his appeal as untimely and refused to allow Petitioner to file an appeal out-of-time. *Id.* at 3-5. Petitioner sought judicial review in the state district court in Case No. CV-2013-985, and that case is still pending. Doc. 12, at 3-4; Doc. 15, at 1.

Petitioner requests habeas relief based on a denial of right to appeal and a lack of evidence to support the disciplinary conviction. Doc. 1, at 5-10. In relevant part, Respondent moves for dismissal based on Petitioner's failure to fully exhaust his state court remedy. Doc. 12, at 4-5. In response, Petitioner states that "he inadvertently filed the instant request for Habeas Corpus not knowing the intent of the procedure and never in an attempt to circumvent the original court of jurisdiction for judicial review." Doc. 15, at 2. Petitioner asks the court to "dismiss this instant habeas corpus filing without prejudice." *Id.*

II. **Analysis.**

Under 28 U.S.C. § 2241, Petitioner is required to exhaust any available state remedies before proceeding to federal court. *See Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005) ("A habeas petitioner seeking relief under 28 U.S.C. § 2241 is generally required to exhaust state remedies." (citation omitted)). And,

because Petitioner challenges, at least in part, the evidence to support his disciplinary conviction, he has an available state judicial remedy under Okla. Stat. tit. 57, § 564.1. *See Magar v. Parker*, 490 F.3d 816, 818-19 (10th Cir. 2007).

Petitioner began the state exhaustion process and the parties agree that Case No. CV-2013-985 is still pending. The parties also agree that the federal habeas petition cannot proceed until the state review is complete, and they both seek dismissal. The undersigned agrees, and recommends dismissal without prejudice.

## III. Recommendation and notice of right to object.

For the reasons discussed above, the undersigned Magistrate Judge recommends granting Petitioner and Respondent's requests for dismissal and dismissing the petition without prejudice.

The parties are advised of their right to file an objection to this report and recommendation with the Clerk of this Court by September 5, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to timely object to this report and recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 16th day of August, 2013.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE